IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY JOHNSON | : | CIVIL ACTION |
| v. | : | |
| FRANKLIN TENNIS, et al. | : | NO. 05-778 |

**REPORT AND RECOMMENDATION**

THOMAS J. RUETER  May 18, 2006
United States Magistrate Judge

      Presently before the court is a pro se petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner is presently incarcerated at the State Correctional Institution at Rockview, Pennsylvania. For the reasons stated below, this court recommends that the petition be denied.

**I.     BACKGROUND**

      On January 20, 1991, petitioner Gary Johnson and co-conspirator, Shawn Davis, left an after-hours club and at approximately 3:14 a.m., Davis shot and killed Alphonso Broadnax in the street near the club. Following a joint bench trial before the Honorable Robert A. Latrone of the Pennsylvania Court of Common Pleas, petitioner was found guilty of murder in the second degree and criminal conspiracy. Post-verdict and supplementary motions were timely filed and argued. On February 9, 1995, the trial judge denied the post-verdict motions and sentenced petitioner to a mandatory term of life imprisonment on the murder conviction and a concurrent one to two-year sentence for the conspiracy conviction. Petitioner filed a notice of appeal with the Pennsylvania Superior Court and on August 19, 1998, the Pennsylvania Superior Court affirmed the judgment of sentence. Commonwealth v. Johnson, 726 A.2d 412 (Pa. Super. Ct.

1998) (Table).  On February 8, 1999, the Pennsylvania Supreme Court denied a petition for allowance of appeal.  Commonwealth v. Johnson, 736 A.2d 603 (Pa. 1999) (Table).

On October 7, 1999, petitioner filed a motion under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq.  In a counseled amended petition, petitioner claimed that he was denied effective assistance of counsel when trial counsel failed to litigate a motion to sever under Bruton v. United States, 391 U.S. 123 (1968), and when appellate counsel failed to raise this severance issue on appeal.  On February 6, 2003, the PCRA court denied the application for relief.  On April 13, 2004, the Pennsylvania Superior Court affirmed.  Commonwealth v. Johnson, 852 A.2d 1248 (Pa. Super. Ct. 2004) (Table).  The Pennsylvania Supreme Court denied allowance of appeal on February 4, 2005.  Commonwealth v. Johnson, 868 A.2d 451 (Pa. 2005) (Table).

On February 18, 2005, petitioner timely filed his pro se habeas corpus petition, and supporting memorandum of law, asserting the following five claims:

> 1. Petitioner was denied the right to effective assistance of trial and appellate counsel where trial counsel failed to litigate a motion for severance under Bruton and appellate counsel failed to raise the severance issue on appeal;
>
> 2. Petitioner was denied the right to effective assistance of counsel where counsel failed to motion the trial judge to recuse himself;
>
> 3. Petitioner was denied the right to effective assistance of counsel where trial counsel failed to call character witnesses at trial in petitioner's defense;
>
> 4. The Pennsylvania Superior Court unreasonably applied Bruton in its decision;
>
> 5. Petitioner was denied the right to effective assistance of trial counsel where counsel failed to properly brief a post-verdict motion claim that the trial court erred in allowing testimony of a protected witness whose identity had not been disclosed prior to his testifying.

(Petition at 4-17.)

The District Attorney for Philadelphia County filed a Response to the Petition, arguing that most of the claims were not exhausted in the state courts and are now procedurally defaulted.  See 28 U.S.C. § 2254(b)(1)(A) (requiring claim to be raised in state courts before court can entertain habeas petition); Coleman v. Thomson, 501 U.S. 722, 729-32, 735 n.1 (1991) (explaining doctrine of procedural default).  The District Attorney also asserted that all of the claims are meritless.

## II.     DISCUSSION

### A.     Standard of Review for Habeas Cases

Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  The provisions of the AEDPA relevant to the instant matter provide as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2).  With respect to § 2254(d)(1), a federal habeas petitioner is entitled to relief under the "contrary to" clause only if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000).  The Court in Williams was careful to note that most cases will not fit into this category, which is limited to direct and unequivocal contradiction of Supreme Court

authority. Id. at 406-08.  See also Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 888 (3d Cir. 1999) (en banc) (to prove entitled to relief under "contrary to" clause, "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; . . . petitioner must demonstrate that Supreme Court precedent requires the contrary outcome") (emphasis in original), cert. denied, 528 U.S. 824 (1999).

Under the "unreasonable application" clause, a federal habeas court may not issue the writ simply because that court concludes "that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Williams, 529 U.S. at 411.  Relief is appropriate only where the state court decision is also objectively unreasonable.  Id.  See Werts v. Vaughn, 228 F.3d 178, 197 (3d Cir. 2000) (federal habeas court should not grant the petition unless the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent), cert. denied, 532 U.S. 980 (2001).

With respect to 28 U.S.C. §2254(d)(2), which dictates that federal habeas relief may be granted when the state court adjudication was based on an unreasonable determination of the facts in light of the evidence presented, the petitioner must demonstrate that a reasonable fact-finder could not have reached the same conclusions given the evidence.  If a reasonable basis existed for the factual findings reached in the state court, then habeas relief is not warranted. Campbell v. Vaughn, 209 F.3d 280, 290-91 (3d Cir. 2000), cert. denied, 531 U.S. 1084 (2001). Furthermore, "a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U. S. C. § 2254(e)(1).

## B. Standard for Ineffective Assistance of Counsel

Several of petitioner's claims allege ineffectiveness assistance of counsel. Before the court addresses the specifics of these claims, the court will first review the standards used to evaluate an ineffective assistance claim.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court set forth a two prong test that a petitioner must satisfy before a court will find that counsel did not provide effective assistance. Under the Strickland test, a petitioner must show: (1) that his attorney's representation fell well below an objective standard of reasonableness; and (2) that there exists a reasonable probability that, barring counsel's ineffectiveness, the result of the proceeding would have been different. Id. at 688-96. To satisfy the first prong of the Strickland test, a petitioner is required to show that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In evaluating counsel's performance, a reviewing court should be "highly deferential" and must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. Moreover, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (citation omitted).

To satisfy the second prong of the Strickland test, a petitioner must show there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceeding. Id. It follows that counsel cannot be ineffective

for failing to pursue meritless claims or objections. United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999); United States v. Fulford, 825 F.2d 3, 9 (3d Cir. 1987).

Where, as in the instant case, the state court has already rejected an ineffective assistance of counsel claim, a federal court must defer to the state court's decision pursuant to 28 U.S.C. § 2254(d)(1). As the Supreme Court stated:

> If a state court has already rejected an ineffective-assistance claim, a federal court may grant habeas relief if the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Where, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable.

Yarborough v. Gentry, 540 U.S. 1, 4 (2003) (per curiam) (citations omitted).

### III.   PETITIONER'S CLAIMS

A review of the state court record shows that all of petitioner's claims raised in this habeas corpus petition were raised at some time in the state courts in either post-verdict motions, appeals or in his PCRA petition. Some of these claims were found to be waived by the state court for petitioner's failure to file written briefs. Commonwealth v. Johnson, No. 3393, 3397, Feb. Term 1991, slip op. at 3-4 (C.P. Phila. Oct. 30, 1995). As noted earlier, the Commonwealth argued that these claims were not fairly presented to the state courts and thus are unexhausted. Pursuant to 28 U.S.C. § 2254(b)(1)(2), "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." For the reasons stated below, the court finds that all of the petitioner's claims are meritless and, accordingly, the court will deny the petition on the merits, and not address the procedural issues raised by the Commonwealth.

> **A.    Claim Nos. 1 and 4:  Petitioner was denied the right to effective assistance of trial counsel and appellate counsel where trial counsel failed to litigate a motion for severance under <u>Bruton</u> and appellate counsel failed to raise the issue on appeal.**

Petitioner's first claim is that trial counsel was ineffective for failing to make a motion for severance after the non-testifying co-defendant's redacted statement was admitted into evidence at the joint bench trial.  This claim encompasses two issues:  (1) whether the trial court properly admitted the co-defendant's redacted statement under <u>Bruton</u>; and (2) whether counsel was ineffective for not requesting a severance.[1]

> **1.    Redaction Under Bruton**

On November 4, 1991, the trial judge heard argument on the co-defendant's pre-trial motion to suppress his statement made to police.  During argument, petitioner's counsel, "in an abundance of caution," requested that the statement be redacted prior to being revealed to the court to protect his client's constitutional rights. (N.T., 11-4-91, at 61.)  In the colloquy between the judge and the prosecutor, after the prosecutor argued that there was "no basis" for redaction in the pre-trial motion to suppress, the trial judge pointed out that the motion to suppress was sent down to him "as a waiver with the co-defendants going to be tried before me as a waiver trial" and asked rhetorically "How can I hear [petitioner's] case as a waiver when I have already heard a confession inculpating him?" <u>Id</u>. at 63-64.  The trial judge then ordered the prosecutor to redact the co-defendant's statement, prior to its presentation to the court, by putting "'X' in for the other

---

[1]    Petitioner's claim in "Ground Four" of his petition is that the "Superior Court's decision on Petitioner's "Redaction' Issue was Contrary to and an Unreasonable Application of Bruton." This claim is addressed now because it is related to the ineffectiveness of counsel claim raised in Ground One of the petition.

party [i.e. petitioner]." Id. at 64-65. The statement then was heard by the judge and was admitted against only the co-defendant, not petitioner, at the joint bench trial. (N.T., 12-12-91, at 53.)

The Confrontation Clause of the Sixth Amendment, extended to the states through the Fourteenth Amendment, guarantees the right of a defendant to confront witnesses. This right to confrontation encompasses the right to cross-examine those witnesses. In Bruton v. United States, 391 U.S. 123 (1968), the Supreme Court held that the admission during a jury trial of a non-testifying co-defendant's statement, which implicated the defendant, was a violation of the defendant's Sixth Amendment right to confrontation. Unless the confessing co-defendant takes the stand, the pretrial confession of one cannot be admitted against the other. Id. at 136. Subsequently, the Court in Richardson v. Marsh, 481 U.S. 200 (1987), refused to extend Bruton and held that a redacted co-defendant's statement is admissible in a jury trial as long as there is no reference to the defendant's existence and the jury is given a proper limiting instruction. Id. at 211. Later, the Court in Gray v. Maryland, 523 U.S. 185 (1998), decided three years *after* the petitioner's conviction, concluded that "nicknames and specific descriptions fall inside, not outside, Bruton's protection," and they also should be redacted. Id. at 195.[2]

Bruton does not apply to petitioner's case because his was a bench trial, not a jury trial. The Bruton rule was designed to address the risk of unfair prejudice by the admission of a co-defendant's statement in a jury trial. Consequently, numerous federal courts have recognized that the rule of Bruton does not apply to bench trials. See, e.g., United States v. Cardenas, 9 F.3d 1139, 1154-55 (5th Cir. 1993), cert. denied, 511 U.S. 1134 (1994); Rogers v. McMackin, 884

---

[2] Counsel cannot be found ineffective for failing to predict the change in redaction guidelines that resulted from the Gray decision three years after petitioner's conviction. See Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996) ("[T]here is not general duty on the part of defense counsel to anticipate changes in the law.").

8

F.2d 252, 255-57 (6th Cir. 1989), cert. denied, 493 U.S. 1061 (1990).  See also 21A Wright & Graham, Federal Practice and Procedure:  Evidence 2d § 5064.2 at 290 (2005) ("[B]ecause Bruton seeks to protect the defendant against the inability of the jury to understand or abide by limiting instructions, the Bruton doctrine does not apply in cases tried to the court.").  As the trial judge stated, "the risk of prejudice that comes with the admission of a non-testifying co-defendant's confession at a joint trial is greatly reduced, if not eliminated, when the case is tried before a judge sitting without a jury."  Commonwealth v. Johnson, Nos. 3393, 3397, Feb. Term 1991, slip op. at 30-31 (C.P. Phila. Oct. 30, 1995) (Latrone, J.).  Judge Latrone explained that he disregarded the co-defendant's statement in determining petitioner's guilt, and that the court "predicated its decision solely upon the properly admitted statement of Johnson and the other directly relevant evidence presented by the Commonwealth" and "was unaffected by the statement of the co-defendant which it knew as inadmissible against him."  Id. at 30-31.

    In any event, as evidenced by the colloquy with counsel, the trial judge was aware of the Bruton requirements and, at the behest of defense counsel, ordered the redaction of petitioner's name and the substitution of an "X" in its place.  (N.T., 11-4-91, at 65.)  The use of the "X" in the redaction comported with the Bruton requirements as they stood at that time.

    Petitioner claims that, despite the trial judge's disclaimer, he had to consider the co-defendant's redacted confession in deciding petitioner's guilt, because the only evidence of a robbery conspiracy came from the co-defendant's statement.  Petitioner ignores the other evidence produced by the prosecution.  There was trial testimony from three witnesses that petitioner intended to commit a robbery by force of a gun that evening.  Vernell Washington, a witness who was outside the club the night of the shooting, heard a conversation between petitioner and his co-defendant about how they "wanted the guy with the money."  (N.T., 12-16-

91, at 126-32, 139.)  A second witness, Michelle Greene, observed petitioner crossing the street towards the deceased with his co-defendant, as his co-defendant wielded a firearm.  (N.T., 12-12-91, at 24-27.)  The third witness, Mansur Rashid Harley, testified that petitioner told him the day after the shooting that he had intended to commit a robbery that night and that the "boy he was with had shot somebody."  Id. at 154-55.  Moreover, petitioner admitted that he immediately fled the scene with his co-defendant after the victim was shot.  Id. at 102.  Even if there were a violation of the Bruton rule, petitioner still would have been found guilty by the trial judge.  As he explained in his opinion denying the post-verdict motions:  "Furthermore, the admission of Davis' statement did not, in any way, influence the outcome of this defendant's trial since the independent evidence presented against him was amply sufficient to support [the] verdicts."  Commonwealth v. Johnson, Nos. 3393, 3397, Feb. Term 1991, slip op. at 31 (C.P. Phila. Oct. 30, 1995).

### 2. Failure of Counsel to Request Severance of Trial from Co-Defendant.

After the bench trial, petitioner filed a post-verdict motion and supplemental motion claiming ineffective assistance of trial counsel based on counsel's failure to take action on a number of fronts both before and during the trial, including the failure to move for a severance.  During a hearing on the post-verdict motions held on November 19, 1993, when asked why he did not file a motion for severance, trial counsel stated:  "Because I felt that I was in a courtroom where I could get a fair trial for [petitioner] and that the evidence, sufficient as it was, would not support a finding of guilt."  (N.T., 11-19-93, at 29.)  Counsel further stated, "[T]he things that [co-defendant] said that implicated [petitioner] were unsupported by almost every eyewitness and even persons who were not eyewitnesses, but were material witnesses."  Id. at 23.  Counsel explained:  "I felt like the evidence in the case pointed to the fact that [the co-defendant] did this

completely on his own." Id. at 28.  Counsel's proffered reasons for not requesting a severance were not unreasonable and are entitled to deference.  See Strickland, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential.").

Moreover, it is highly unlikely that the court would have granted a severance of petitioner's trial given the strong interest courts have in maintaining joint trials.  See Richardson, 481 U.S. at 209 ("Joint trials play a vital role in the criminal justice system.").  Public interest in judicial economy favors joint trials where, as in petitioner's case, the same evidence would be presented at separate trials of defendants charged with a single conspiracy.  United States v. Eufrasio, 935 F.2d 553, 568 (3d Cir.), cert. denied, 502 U.S. 925 (1991).  Moreover, "defendants are not entitled to severance merely because they have a better chance of acquittal in separate trials." Zafiro v. Untied States, 506 U.S. 534, 540 (1993).  Thus, petitioner was not prejudiced by counsel's failure to request a separate trial for his client.

    **B.**    **Claim No. 2: Due to counsel's ineffectiveness, petitioner was denied the right to a fair and impartial trial where, although the trial judge heard damaging evidence against petitioner at a suppression hearing, the judge presided over the bench trial and trial counsel failed to file a motion for recusal.**

Petitioner claims that his trial counsel was ineffective when, after the trial judge heard the co-defendant's redacted statement at a pre-trial hearing to suppress that statement, he failed to move for the judge's recusal from the subsequent bench trial.  This claim should be denied.

Prior to trial, the judge acknowledged before the parties and their counsel that he had been exposed to some evidence in the co-defendant's pre-trial motion to suppress but he indicated he did not remember exactly what that evidence was.  (N.T., 12-10-91, at 20.)  After co-defendant's counsel reminded him that it was the co-defendant's statement to police that had been

11

presented for suppression, the judge, in the presence of petitioner, provided the co-defendant with a thorough explanation of his right to request the judge to recuse himself.  Id. at 20-22.  After receiving the co-defendant's waiver of recusal, the judge stated directly to petitioner that he had "no problem with [him]" because he had been the pretrial judge in the co-defendant's case, but not petitioner's case.  Id. at 22.  Given that petitioner heard the judge explain a defendant's right to request recusal, and petitioner did not express concern to the court about proceeding to trial with the same judge who presided over the motion to suppress, it was entirely reasonable for counsel not to ask for recusal of the trial judge.  Furthermore, even if the recusal motion had been made and granted, recusal of the judge would not have removed the evidence from the case:  the same properly redacted statement would have been presented to the presiding judge.  Thus, it would have been fruitless to make a motion for recusal in the hopes that the new judge would not hear the redacted statement that previously had been ruled admissible.  As stated above, counsel cannot be found ineffective for failing to bring meritless motions.  Thus, this ineffectiveness claim should be denied.

> **C.    Claim No. 3:  Petitioner was denied his constitutional right to call character witnesses due to ineffective assistance of counsel.**

Petitioner claims that trial counsel was ineffective for failing to call character witnesses.  Petitioner's counsel spoke with several people regarding testifying as character witnesses.  (N.T., 11-19-93, at 31-34.)  Because they were reluctant to take the stand, counsel decided not to call these individuals to testify.  It is well within the discretion of trial counsel to make a tactical, strategic decision such as the one made here.  See Strickland, 466 U.S. at 690-91 (strategic decisions made after a reasonable investigation of law and facts relevant to the plausible options are virtually unchallengeable); United States v. Schake, 2003 WL 202439, at *2 (3$^d$ Cir.

Jan. 29, 2003) (non-precedential) (counsel's failure to call witness was reasonable because "counsel feared he would be a reluctant witness"); United States v. Lindsay, 1987 WL 6695, at *3 (E.D. Pa. Feb. 11, 1987) (counsel was not deficient for failing to compel uncooperative witness to testify for defendant).

Moreover, as the trial judge stated in his opinion, the evidence of petitioner's guilt was overwhelming, "too strong to be overcome by character evidence, if it had been presented." The trial court explained as follows:

> The [petitioner] not only admitted to being at the scene of the crime, but he was also heard talking with his cohorts about "wanting the guy with the money." Several eyewitnesses then saw him crossing the street towards the deceased with his co-defendant, as his co-defendant was clearly wielding a gun. Finally, this defendant admitted to fleeing the crime scene with his co-defendant, a clear indication of his guilt. Without question, this evidence presented by the Commonwealth made conviction unavoidable for this defendant, no matter how many character witnesses had been presented on his behalf.... Further, in light of the strength of the Commonwealth's case, there was no prejudice.

Commonwealth v. Johnson, No. 3393, 3397, Feb. Term 1991, slip op. at 43 (C.P. Phila. Oct. 30, 1995).

Because petitioner was not prejudiced by counsel's failure to call character witnesses, his third claim should be denied.

> **D.     Claim No. 5:  Trial counsel rendered ineffective assistance of counsel for failing to properly file written post-verdict motions and, as a result, the state court held that petitioner waived his right to challenge the trial court's error in admitting the testimony of Mansur Rashid Harley.**

According to the record, Mansur Rashid Harley had a conversation with petitioner the day after the shooting during which petitioner told Mr. Harley that he had gone out the previous night intending to commit a robbery and "the boy he was with had shot somebody". (N.T., 12/16/91, at 153-55.)  Mr. Harley's identity as a witness was protected from disclosure

13

until the day of his testimony. While trial counsel made an objection during the trial as to the procedure which allowed the identity of the witness to be protected from disclosure, id. at 123, and claimed in an initial post-verdict motion that the court erred in permitting testimony of this witness, trial counsel subsequently was replaced by other counsel, who filed a second detailed and thorough post-verdict motion in which the objection to Mr. Harley's testimony was not mentioned. The issue was, likewise, not pursued in any other post-trial/post-conviction proceeding. The trial court, "in the interests of brevity," did not discuss the issue on its merits, noting that it was waived. Commonwealth v. Johnson, Nos. 3393, 3397, Feb. Term 1991, slip op. at 46-47 (C.P. Phila., Oct. 30, 1995). It is, therefore, not exhausted as it was not "fairly presented" in the state courts. However, in the interests of justice, this court will address the merits of this ineffectiveness claim.

Counsel has considerable discretion to pursue claims on appeal that he believes will succeed. Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996). It appears from the change in the post-verdict motion papers between petitioner's first counsel and his second counsel that the second counsel did not feel that it was a claim worth pursuing. In order for petitioner to succeed on this ineffectiveness claim, he must demonstrate that failing to reserve a challenge to the trial court's decision to admit the testimony of Mr. Harley was prejudicial and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Petitioner has not presented any argument that would support this prong of the Strickland test. In light of the evidence against petitioner, it seems likely that even if post-trial counsel had presented this ineffectiveness claim, and even if the court had considered a challenge to the admissibility of the testimony of the witness, the verdicts and sentence would not have been different. It is likely that even without

this witness's testimony petitioner would have been convicted. The other evidence supporting his guilt was, as noted above, more than sufficient to support his convictions. This claim should, therefore, be denied. For all of the above reasons, the court makes the following:

## **R E C O M M E N D A T I O N**

AND NOW, this 18th day of May, 2006, the court respectfully recommends that the petition for a writ of habeas corpus be DENIED, and that no certificate of appealability ("COA") be granted.[3]

BY THE COURT:


\s\ Thomas J. Rueter
THOMAS J. RUETER
United States Magistrate Judge

---

[3] The COA should be denied because petitioner has not shown that reasonable jurists could debate whether his petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).