IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Gary Johnson, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Franklin Tennis, ET AL., | : | No. 05 - 0778 |
|     Defendant. | : | |

**NORMA L. SHAPIRO, J.**                                                 August 31, 2010

**MEMORANDUM**

Gary Johnson, an inmate at the State Correctional Institute at Rockview, Pennsylvania, has filed a *pro se* Motion to Vacate Prior Judgment. Johnson seeks to vacate this court's March 12, 2007, Memorandum and Order denying his habeas corpus petition under 28 U.S.C. § 2254.

**I. BACKGROUND**

Johnson was convicted in a non-jury trial of second degree murder (felony murder) and criminal conspiracy for the murder of Alphonso Broadmax on January 21, 1991. The trial court imposed a mandatory life sentence for the murder conviction and two years (concurrent) for the conspiracy conviction. The Superior Court affirmed and the Pennsylvania Supreme Court denied Johnson's petition for allowance of appeal. Johnson then filed a petition under Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S. §§ 9541 *et seq.*, that claimed ineffective assistance of counsel. The PCRA court denied Johnson's timely request for relief; the Superior Court affirmed the PCRA court's denial; and the Pennsylvania Supreme Court denied Johnson's petition for allowance of appeal. After exhausting state remedies, Johnson filed a habeas corpus petition. This court entered judgment denying relief in March 2007; the Court of Appeals affirmed in November 2008; and the Supreme Court denied certiorari in June 2009.

Johnson now requests vacatur of this court's judgment by motion under Federal Rule of Civil Procedure 60(b)(6).

## II. DISCUSSION

A.   Legal Standard

Federal Rule of Civil Procedure 60(b) allows a party to seek relief from a judgment or order on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b)(1-6). Rule 60(b)(6) is a catch-all provision that "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Klapport v. U.S.*, 335 U.S. 601, 614-615 (1949). Relief from judgment may be granted only upon a showing of exceptional circumstances. *In re Fine Paper Antitrust Litig.*, 840 F.2d 188, 194 (3d Cir. 1988).

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") limits a petitioner's ability to file a second or successive habeas corpus petition. 28 U.S.C. §2244. AEDPA requires that "before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

A motion under Rule 60(b) is considered a second or successive habeas corpus petition when

"it seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits." *Gonzalez v. Crosby,* 545 U.S. 524, 532 (2005). The motion avoids AEDPA's restrictions if it attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings. *Id.* A court must look beyond the Rule 60(b)(6) label and determine whether the motion is in substance a successive habeas petition. *Id.* at 531. If a Rule 60(b) motion is a second or successive habeas corpus petition, a district court does not have jurisdiction to consider it, unless authorized by a court of appeals. *Pridgen v. Shannon*, 380 F.3d 721, 725 (3d Cir. 2004).

B.    Johnson's 60(b) motion

Johnson's 60(b) motion argues that there was a defect in the integrity of the federal habeas proceeding because this court and the Court of Appeals failed to apply the correct legal standard in response to the state trial judge's express reliance on the co-defendant's statements. Though framed as an attack on a defect in the federal habeas proceeding's integrity, Johnson's Rule 60(b) motion is in substance an attack against this court's previous resolution on the merits and must be treated as a successive habeas corpus petition.

Johnson claims that the state trial court violated Supreme Court precedent by relying on his co-defendant's statements as substantive evidence to determine Johnson's culpability. In *Bruton v. U.S.*, 391 U.S. 123, 126 (1968), the Supreme Court held that in a joint jury trial, it is reversible error to admit a co-defendant's incriminating statements that were not subject to cross-examination. In *Lee v. Illinois*, 476 U.S. 530, 546-47 (1986), the Supreme Court held that even in a bench trial, a trial court's reliance on a co-defendant's incriminating statements as substantive evidence against a defendant violates the defendant's Confrontation Clause rights under the Sixth Amendment.

Conceding *Bruton* offers no relief, Johnson now argues that this court and the Court of Appeals erred by ignoring the Sixth Amendment violation under *Lee v. Illinois*.

The *Bruton* claim was decided against Johnson when his first habeas corpus petition was denied. This court deferred judgment on whether *Bruton* and its progeny applied to bench trials, but held that, assuming a *Bruton* violation, any error by the trial court was harmless. *Johnson v. Tennis*, 2007 WL 789179, at *9 (E.D. Pa. Mar. 12, 2007). As explained by this court, "a presumption arises that improper evidence is given no weight, and the court considers only properly admitted relevant evidence in rendering its decision." *Id.* at *6. This court abandoned the "presumption of regularity" because at Johnson's trial, the court, though asserting that it "predicated its decision solely upon the properly admitted [evidence]," referred to a portion of the co-defendant's incriminating statement in its opinion. *Id.* at *6. Though never cited by Johnson until after his petition was denied, this court recognized the trial court's error as one implicating the holding in *Lee*. *Id.* The harmless error analysis that followed explicitly addressed the impact of the trial court's reliance on the co-defendant's statement in relation to the Commonwealth's other admissible evidence.[1] Contrary to Johnson's argument, applying harmless error review to an alleged *Lee* violation was not unfounded

---

[1] This court found that:

> The portion of [the co-defendant's] statement expressly relied on by the trial court was not crucial to the prosecution's case. This evidence was cumulative on whether there had been a conspiracy to commit a robbery, and there was other corroborating evidence on the material points. Although the prosecution's case against [Johnson] was not "overwhelming", the reliance on [the co-defendant's] statement was not essential to the court's ultimate determination of [Johnson's] guilt. The admission of the improperly redacted statement was harmless error and is not a basis for habeas relief.

*Johnson,* 2007 WL 789179 at *8. The other corroborating evidence relied on was: "[Johnson's] discussion with [the co-defendant] of a plan to rob the 'guy with the money'; [Johnson] accompanying [the co-defendant] across the street to where the deceased was standing when [the co-defendant] was conspicuously wielding the murder weapon; and [Johnson] fleeing the crime scene with [the co-defendant] after the shooting." *Id.*

because, as the *Lee* court held, such a violation does not foreclose the possibility that the error is harmless when assessed in the context of the entire action. *Lee*, 476 U.S. at 547; *cf. Schneble v. Florida*, 405 U.S. 427, 430 (1972) (The mere finding of a violation of the *Bruton* rule in the course of the trial does not automatically require reversal of the ensuing criminal conviction). Johnson's contention that this court ignored the trial court's reliance on inadmissible evidence is without merit.

The Court of Appeals affirmed this court's order denying the petition for writ of habeas corpus. It held that *Bruton* was not applicable to Johnson's bench trial because a judge, unlike a jury, is able to disregard inadmissible evidence. *Johnson v. Tennis*, 549 F.3d 296, 300 (3d Cir. 2008). The Court of Appeals found that *Lee* did not expand the *Bruton* doctrine to all bench trials because *Lee* only held it was impermissible for a judge in a bench trial to rely on a co-defendant's confession not subject to cross-examination, not that admitting such evidence was reversible error *per se*. *Id.* at 301. The Court of Appeals held that Johnson was not "deprived of any constitutional right based on *Bruton*." *Id.* Because the Court of Appeals limited itself to issues approved in the certificate of appealability, it did not reach the specific Confrontation Clause issue raised by *Lee* and now argued by Johnson, i.e., whether the trial court expressly relied on a non-testifying co-defendant's confession in determining Johnson's guilt, and, if so, the consequence of such reliance. This court is unable to correct an alleged error of the Court of Appeals.

### III. CONCLUSION

Johnson's motion, as it relates to matters within the district court's purview, consists of arguments already rejected by this court. The motion is a second or successive habeas corpus petition

and requires a Court of Appeals order authorizing this court to consider it.[2]

The court will dismiss Johnson's motion for lack of jurisdiction. An appropriate Order follows.

---

[2] If the court had jurisdiction, there would still be a serious question of timeliness. "A motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed.R.Civ.P. 60(c)(1). A reasonable time under Rule 60(b)(6) must depend to a large extent upon the particular circumstances alleged. *Delzona Corp. v. Sacks*, 265 F.2d 157, 159 (3d Cir. 1959). The court issued its Memorandum and Order on March 12, 2007; Johnson did not file the instant motion until June 7, 2010.